*255
 
 PER CURIAM.
 

 |, Granted. As set forth by counsel at the hearing conducted on defendant’s original motion to terminate probation, December 17, 2007, the court’s overall sentence of seven years at hard labor contemplated that after defendant completed an executo-ry four-year term of imprisonment, which ultimately entailed diminution of sentence (“good time”) and early release on parole for the balance of the term,
 
 see
 
 La.R.S. 15:571.5(A)(1), “the Court had been imposing an additional probation sentence of ... three years.” When defendant was released from the physical custody of the Department of Corrections on July 17, 2006, he was released on parole until July 23, 2008, the full term date on his four-year term of imprisonment. Thus, when the successor judge terminated the three-year probationary term on June 30, 2008, defendant had not completed state supervision on his executory term of imprisonment and had not yet begun serving his suspended three-year sentence of imprisonment ^subject to three years of active probation. A trial court “may,
 
 at any time during the probation period,
 
 modify, change or discharge the conditions of probation, or add further conditions .... ” (emphasis added). However, in felony cases, the court “may terminate the defendant’s probation and discharge him at any time after the expiration of one year of probation.” La.C.Cr.P. art. 897;
 
 see
 
 Offl Rev. Cmt. (b) (“The minimum requirement of one year of felony probation before termination of probation is possible, serves two purposes. It relieves the trial judge from pressures for early discharge of convicted felons, and it prohibits releases before a substantial period of probation is served.”).
 

 This case is therefore remanded to the trial court, which shall reinstate defendant’s suspended sentence of three years imprisonment at hard labor subject to three years of active probation. The court shall provide defendant with a certificate setting forth the conditions of his probation, as required by La.C.Cr.P. art. 895, and granting him time and opportunity, considering all of the circumstances, to comply with those conditions.
 

 JOHNSON, J., dissents.